**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY

William P. Ring
Deputy County Attorney
Bar #012860
wring@coconino.az.gov
110 E. Cherry Avenue
Flagstaff, Arizona 86001-4627
Phone: (928) 679-8200
FAX: (928) 679-8201
Attorney for the State

**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | No. 3:13-bk-08354-SSC |
| Erling S. Calkins and Elaine S. Calkins, | Chapter 11 |
| Debtor(s) / Joint Debtors, | |
| Coconino County a political subdivision of the State of Arizona, | **COMPLAINT, and OBJECTION TO DISCHARGE OF NON-DISCHARGEABLE PENALTIES** (Monetary and Injunctive Relief Requested) |
| Plaintiff, | |
| Erling S. Calkins and Elaine S. Calkins, husband and wife, | **[11 U.S.C. §105; 11 U.S.C. §523(a)(7)** |
| Defendants. | Adv. Prod. No.: _____ |
| Address of Debtor(s)/Joint Debtors / Defendants: | |

Pursuant to 28 U.S.C. §157, and Rule 7001, et. seq., Federal Rules of Bankruptcy Procedure, Coconino County, a political subdivision of the State of Arizona, [Plaintiff/Complainant] by and through the undersigned deputy county attorney, hereby alleges as follows:

### Jurisdiction and Venue

1. The Federal Bankruptcy Court for the District of Arizona has the jurisdiction to hear this complaint and grant the Complainant the requested relief. 28 U.S.C. §157.

2. Venue in this court is proper insomuch as the Debtors/Defendants reside in the State

1

**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

of Arizona, the real properties which are the gravamen of this complaint are located in the State of Arizona, and the Debtors/Defendants have previously petitioned this Bankruptcy Court (on May 16, 2013) for relief under the Federal Bankruptcy Code.

## The Parties

3.  The Complainant Coconino County, Arizona, is a political subdivision of the State of Arizona and is a body corporate and politic. Ariz.Rev.Stat. §11-201; §11-202.

4.  Upon information and belief, the Debtors Erling S. Calkins and Elaine S Calkins are husband and wife, residing in Coconino County, Arizona.

## Facts Common To All Counts

5.  The Debtors, alone or together, individually or as part of the marital estate, are the fee simple owners of a parcel of real property in Coconino County identified as 10130 N. Lunar Drive, Flagstaff, Arizona. [Debtor's Schedule A-Real Property]. The parcel is also identified by Coconino County as County Assessor's Parcel No. 303-47-002.

6.  The Debtors, alone or together, individually or as part of the marital estate, are the fee simple owners of a parcel of real property in Coconino County identified as 13090 Townsend Winona Road, Flagstaff, Arizona [Debtor's Schedule A-Real Property]. The parcel is also identified by Coconino County as Assessor's Parcel No. 303-10-012B.

7.  Pursuant to authority vested in Coconino County by the State of Arizona and set forth in Ariz.Rev.Stat. §11-801, et.seq., on August 3, 1981, Coconino County did adopt for its area of jurisdiction a Zoning Ordinance (as amended from time to time) dividing the non-exempt area of the County into zoning districts and establishing land use performance standards.

8.  The Debtors' parcels identified in Paragraphs 5 and 6 above are within the area of jurisdiction of Coconino County's Zoning Ordinance.

9.  On December 6, 2012, Coconino County obtained a Judgment against the Debtors for zoning violations upon the property identified in Paragraph 5 above. [Exhibit A,

2

attached].

10. On December 6, 2012, Coconino County obtained a Judgment against the Debtors for zoning violations upon the property identified in Paragraph 6 above. [Exhibit B, attached].

11. Debtors appealed the Judgment obtained against the 10130 N. Lunar Drive, Flagstaff, Arizona Parcel to the Coconino County Board of Supervisors and said Judgment was affirmed on March 12, 2013, and served upon the Debtor on March 14, 2013. [Exhibit C, attached].

12. Debtors did not appeal the Judgment against the 13090 Townsend Winona Road, Flagstaff, Arizona, Parcel.

13. The affirmation of Judgment [Exhibit C] established a compliance date of April 18, 2013, and further describes non-compliance penalties in the amount of $750.00 per day, per violation, with a maximum daily penalty of $1500.00 per day.

14. On and after April 18, 2013, each Judgment, taken together, incurs a penalty of $1500.00 per day for each continuing day of non-compliance.

15. Approximately 30 days after the effective date of the non-compliance event, on May 16, 2013, the Debtors filed for Chapter 11 bankruptcy protection.

16. On and after April 18, 2013, and to date, Debtors have not sought a compliance inspection from Coconino County.

17. On and after April 18, 2013, and to date, Debtors remain non-compliant with the Judgments set forth in Paragraphs 9 & 10 above.

18. The aforementioned Judgments continue to incur daily penalties in the amount of $1500.00 per day, per Parcel, for each day of non-compliance.

19. Debtors have not named or listed the contingent financial liabilities relating to the Parcels or the Judgments and penalty accruals in their Bankruptcy pleadings or

**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

3

schedules.

20. The penalties incurred as a result of the aforementioned Judgments are not dischargeable in bankruptcy. [11 U.S.C. §523(a)(7)].

21. The Complainant Coconino County reserves the right to amend the complaint as further discovery and disclosure may reveal.

**Count I**

**Liquidation of Indebtedness/Non-Dischargeability of Debt**

22. The Debtors are indebted to the Complainant Coconino County, and at the rate of not-greater than $1500.00 per day from and after April 18, 2013.

23. The amount of pre-petition Judgment penalties is not less than $43,500.00.

24. The amount of post-petition Judgment penalties is not less than $150,000.00, and accruing daily.

25. The final liability for Debtors' indebtedness to Coconino County is not determined and remains un-liquidated until compliance with the aforementioned Judgments are achieved.

26. A Chapter 11 Plan of Reorganization is incomplete and un-approvable unless or until the liability for Coconino County's non-dischargeable penalties is liquidated.

WHEREFORE, Coconino County prays for relief as follows:

A. For an Order setting Coconino County's pre-petition claim in an amount of not less than $43,500.00.

B. For an Order setting Coconino County's post-petition claim in an amount of not less than an additional $150,000.00.

C. For an Order establishing that the penalties, now liquidated, are non-dischargeable indebtedness of the Debtors, alone and together, pursuant to 11 U.S.C. §523(a)(7) and Rules 4006 and 4007 of the Federal Rules of Bankruptcy Procedure.

D. For an Order allowing the pre-petition and post-petition penalties to be recorded as priority liens against all the real property of Debtors unless or until paid in full.

**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

4

E. For the option, at the County's discretion and upon the County's petition, to seek relief from the automatic stay provisions of 11 U.S.C. §362 and allow the Debtors' Real Property in Schedule A to be sold to satisfy the Judgments.

F. For attorneys' fees and costs incurred in satisfying Coconino County's Judgments against the Debtors; Judgments not disclosed to the Court or the Parties by Debtors Schedules.

G. Other and further relief as this Court deems just and proper.

## Count II

### Injunctive Relief

27. Coconino County incorporates each and every allegation made in Paragraphs 1 thru 25 as if set forth herein in full.

28. Debtors' continuing non-compliance with the Judgments set forth in Paragraphs 9 & 10 [Exhibits A & B] represent physical conditions on the properties that are harmful to the public health, safety, welfare, comfort and convenience.

29. The physical conditions of the properties, represented by unscreened outdoor storage of unlicensed and inoperable vehicles, unscreened outdoor storage of secondhand materials, and a structure without building permits, is a continuing harm and an unsafe, continuing public nuisance unless or until remedied by Debtors.

30. The penalty provisions of the Judgments set forth in Paragraphs 9 & 10 [Exhibits A & B] have not been sufficient to compel Debtors to act voluntarily upon the public nuisance and harmful conditions described therein.

31. The public nuisance and harmful conditions have persisted in unabated fashion since at least September 6, 2012.

32. Unless ordered to do so by this Bankruptcy Court, it is unlikely that the Debtors will take voluntary action to abate the unlawful conditions.

33. The unlawful conditions affect the Debtors' estate, the value of the estate to both the Debtors and any Creditors, and the Debtors' ability to propose a meaningful or

DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

5

successful Plan of Reorganization.

34. Coconino County will object to any Plan of Reorganization that allows the unlawful public nuisances to run in unabated fashion.

35. The Bankruptcy Court has equitable powers to make such continuing orders as are necessary to preserve the estate and prevent waste thereof. [11 U.S.C. § 105].

WHEREFORE, Coconino County prays for relief as follows:

A. That an Order to Show Cause hearing be set within the next 30 days for Debtors to then and there show cause why immediate injunctive relief should not be granted to Coconino County as set forth below (B & C).

B. An Order directing the Debtors to forthwith take such actions as are necessary to preserve the value of the Bankruptcy Estate by bringing the real property of the estate into compliance with the Judgments set forth in Exhibits A and B.

C. An Order establishing a schedule for compliance that satisfies the Judgments so that compliance is achieved in not greater than twenty (20) days from issuance of the Order.

D. For attorneys' fees and costs incurred in satisfying Coconino County's Judgments against the Debtors; Judgments not disclosed to the Court or the Parties by Debtors Schedules.

E. Other and further relief as this Court deems just and proper.


DATED this 19th day of August, 2013.


DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY


By /s/ WPR #012860
William P. Ring
Deputy County Attorney

DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

6

1    COPY of the foregoing mailed this 19th day of August, 2013, to:

2

3    Pernell W. McGuire
320 N. Leroux, Suite A
Flagstaff, AZ 86001

4    Attorney for Debtors

5

6    U.S. Trustee - Phoenix
Office of the U.S. Trustee

7    230 North First Avenue
Suite 204

8    Phoenix, AZ. 85003
Trustee

9

10    _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in this matter.

DATED: August 19, 2013

DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY


By /s/ WPR #012860
William P. Ring
Deputy County Attorney

**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

Official Records of Coconino County
Patty Hansen - Recorder 07/22/2013 11:01 AM        3668963
COCONINO COUNTY ATTORNEY        J        $10.00   Pgs: 3

When Recorded Return to:

Coconino County Attorneys Office
100 E. Cherry
Flagstaff, Arizona 86001

# Recordation of Judgment

## Coconino County Assessor's Parcel Number

### 303-47-002

All parties of interest please take note that on September 6, 2012, the Complainant Coconino County, Arizona, obtained a Judgment of the Hearing Officer that zoning violations are present at the property referenced above. The Judgment is attached to this recordation. The Judgment with penalties and fines are as described in the attached Judgment.

When the Judgment is satisfied a subsequent Satisfaction of Judgment will be recorded. Unless or until a Satisfaction of Judgment is recorded, all parties of interest are advised to inquire as to status by contacting:

Coconino County Community Development
2500 N. Fort Valley Road
Flagstaff, Arizona 86001
(928) 679-8875

This Public Notice is effective as of the date and time the Recorder stamped entry into the records of Coconino County, Arizona.

Page 1 of 3

# COCONINO COUNTY HEARING OFFICER
## 2500 N. Fort Valley Road, Building 1, Flagstaff, Arizona  86001
## (928) 679-8850

COCONINO COUNTY, COMPLAINANT

Case No: HO-12-12

VS

APN:  303-47-002

Erling and Elaine Calkins, RESPONDENT

Date: September 6, 2012

Page 1 of 2

## JUDGMENT

| ADMISSION: | JUDGMENT OF HEARING OFFICER: | JUDGMENT: |
|---|---|---|
| _____ Responsible | ✓ Responsible | ✓ After Hearing |
| ✓ Not Responsible | _____ Not Responsible | _____ By Default |
| _____ No Admission | | |

APPEAL: This judgment can be appealed to the Board of Supervisors by written notice to the Hearing Officer, c/o Department of Community Development, within seven (7) days from today. There is a $300.00 filing fee for each appeal.

Payment for penalties shall be made out to Coconino County Community Development and mailed or handed to the Hearing Clerk at the Department of Community Development.

It is found that:

A.  At the time the citation was issued the parcel was in violation of Coconino County Zoning Ordinance Sections:

1.   The unscreened outdoor storage of unlicensed and/or inoperable vehicles constitutes a violation of Section 9.4 of the Coconino County Zoning Ordinance.
2.   The unscreened outdoor storage of secondhand materials constitutes a violation of Section 9.4 of the Coconino County Zoning Ordinance.
3.   The building of a structure without a Building Permit constitutes a violation of Section 9.3.A.8 of the Coconino county Zoning Ordinance.
4.   ~~The use of multiple dwellings constitutes a violation of Section 9.3.B.1 of the Coconino County Zoning Ordinance.~~
5.   The storage of a mobile home constitutes a violation of Section 9.3.A.6 of the Coconino County Zoning Ordinance.
6.   The parking and or storage of a Commercial Vehicle without a Conditional Use Permit constitute a violation of Section 9.1.B.17 of the Coconino County Zoning Ordinance.

Therefore it is ordered that:

B.  The initial minimum penalty of $100.00 for cited violations is hereby imposed per section 7.4.B of the Zoning Ordinance.

Case No. HO-12-12                                September 6, 2012
Judgment Form Continued                          Page 2 of 2

C.  On or before October 6, 2012 the unlicensed and/or inoperable vehicles shall be removed from the parcel or a screening fence shall be constructed not to exceed 2,000 square feet that is completely screened from neighboring properties and roadways by a wall or non-transparent fencing. Any fence shall not exceed six feet in height. All inoperable vehicles and secondhand materials shall not be stacked so as to be visible above the required screening or more than six (6) feet in height.

D.  On or before October 6, 2012 the secondhand materials (including all items in trash pile) shall be completely removed from the parcel or placed in the screening area listed in Section C.

E.  On or before October 6, 2012 a Building Permit will be applied for. The Building Permit shall be obtained and completed within six (6) months of issuance.

F.  On or before October 6, 2012 the storage of the existing mobile homes will cease and be removed from the parcel.

G.  On or before October 6, 2012 the Commercial Vehicle shall be removed from the parcel. Or a Conditional Use Permit shall be applied for and obtained with in sixty (60) days (November 6, 2012).

H.  Unless items C-G are fully accomplished by the date stated, then a noncompliance penalty of $200.00 is due and payable on October 6, 2012. For each further day of noncompliance, a daily penalty of $750.00 per day is due and payable on that day. All penalties to be delinquent in 10 days after they are due. The maximum cumulative amount of daily penalties is $1,500.00.

I.  Should the daily penalty balance reach $1,500.00, then this matter shall be turned over to the County Attorney's Office for further legal action per Section 7.D.4.f.

J.  Should a violation, as found in this case, recur on or before September 6, 2014, then a recall notice shall be served, and the respondents shall be scheduled to appear at the earliest possible Hearing date per Sections 7.D.4.d and 7.F. A recurrence penalty of $300.00 shall be imposed if it is found that recurrence of the violation has taken place.

Hearing Officer's signature: _____   DATE: 6 Sept 12
                                    Warren Sanford

I have received a copy of this judgment form:

Respondent's signature: _____   DATE: 9-6-12

Official Records of Coconino County    3668964
Patty Hansen - Recorder 07/22/2013 11:01 AM  Pgs: 3
COCONINO COUNTY ATTORNEY    J    $10.00

When Recorded Return to:

Coconino County Attorneys Office
100 E. Cherry
Flagstaff, Arizona 86001

# Recordation of Judgment

## Coconino County Assessor's Parcel Number

### 303-10-012B

All parties of interest please take note that on September 6, 2012, the Complainant Coconino County, Arizona, obtained a Judgment of the Hearing Officer that zoning violations are present at the property referenced above. The Judgment is attached to this recordation. The Judgment with penalties and fines are as described in the attached Judgment.

When the Judgment is satisfied a subsequent Satisfaction of Judgment will be recorded. Unless or until a Satisfaction of Judgment is recorded, all parties of interest are advised to inquire as to status by contacting:

Coconino County Community Development
2500 N. Fort Valley Road
Flagstaff, Arizona 86001
(928) 679-8875

This Public Notice is effective as of the date and time the Recorder stamped entry into the records of Coconino County, Arizona.

Page 1 of 3

# COCONINO COUNTY HEARING OFFICER
## 2500 N. Fort Valley Road, Building 1, Flagstaff, Arizona 86001
## (928) 679-8875

COCONINO COUNTY, COMPLAINANT                    Case No: HO-12-13

VS                                              APN: 303-10-012B

Uniquely Diversified Properties/Steve Calkins, RESPONDENT      Date: September 6, 2012

Page 1 of 2

## JUDGMENT

| ADMISSION: | JUDGMENT OF HEARING OFFICER: | JUDGMENT: |
|---|---|---|
| _____ Responsible | ___✓___ Responsible | ___✓___ After Hearing |
| ___✓___ Not Responsible | _____ Not Responsible | _____ By Default |
| _____ No Admission | | |

APPEAL: This judgment can be appealed to the Board of Supervisors by written notice to the Hearing Officer, c/o Department of Community Development, within seven (7) days from today. There is a $300.00 filing fee for each appeal.

Payment for penalties shall be made out to Coconino County Community Development and mailed or handed to the Hearing Clerk at the Department of Community Development.

It is found that:

    A. At the time the citation was issued the parcel was in violation of Coconino County Zoning Ordinance Sections:

        1.     The unscreened outdoor storage of secondhand materials constitutes a violation of Section 9.4 of the Coconino County Zoning Ordinance.

Therefore it is ordered that:

A. The initial minimum penalty of $100.00 for cited violations is hereby suspended per section 7.4.B of the Zoning Ordinance, pending successful completion of Paragraph C.

B. On or before October 6, 2012, the unscreened secondhand materials shall be removed from the property or an enclosure shall be constructed not to exceed 442 square feet that is completely screened from neighboring properties and roadways by a wall or non-transparent fencing. Fencing shall not exceed six (6) feet in height. Stored secondhand materials shall not be stacked so high as to be visible above required fencing or more than six (6) feet in height.

C.  Unless Item B is fully accomplished by the date stated, then a
noncompliance penalty of $200.00 is due and payable October 6, 2012. For each further day
of noncompliance, a daily penalty of $750.00 per day is due and payable on that day. All
penalties to be delinquent in 10 days after they are due. The maximum cumulative amount
of daily penalties is $1,500.00.

D.  Should the daily penalty balance reach $1,500.00, then this matter shall be turned over to the
County Attorney's Office for further legal action per Section 7.D.4.f.

E.  Should a violation, as found in this case, recur on or before September 6, 2014, then a recall
notice shall be served, and the respondents shall be scheduled to appear at the earliest
possible Hearing date per Sections 7.D.4.d and 7.F. A recurrence penalty of $300.00 shall be
imposed if it is found that recurrence of the violation has taken place.

Hearing Officer's signature: _____     DATE: _____
                                            Warren Sanford

I have received a copy of this judgment form:

Respondent's signature: _____     DATE: 9·6·12

## COCONINO COUNTY BOARD OF SUPERVISORS
### 219 E. Cherry Avenue, Flagstaff, Arizona 86001

COCONINO COUNTY, COMPLAINANT/ APPELLANT

Case No: HO-12-12

VS

APN: 303-47-002

Erling and Elaine Calkins, RESPONDENT/ APPELLEE

Date: March 12, 2013

### DECISION ON APPEAL
### FROM HEARING OFFICER'S JUDGMENT

This is an appeal of a hearing officer's decision dated December 6, 2012 in a zoning violation citation matter. The Complainant/Appellant is represented by William Ring, Sr. Civil Deputy County Attorney. The Respondent/Appellee appeared in person and is not represented by Counsel.

**Hearing on the Appeal:**

1. Under the Coconino County Zoning Ordinance, Section 7.E., the Board of Supervisors' role in the appeal is to review the record of the proceedings before the hearing officer and to make a determination as to whether there was, or was not, an abuse of discretion in the actions of the hearing officer.
2. The record of the December 6, 2012 administrative hearing was provided to the Board of Supervisors prior to the hearing and was reviewed by the Board. The record included all of the documents in the hearing officer's file, all evidence submitted at the hearing, and the transcript of the hearing.
3. The Complainant/Appellant and Respondent/Appellee addressed the Board of Supervisors, as provided in Section 7.E.9. of the Zoning Ordinance.

**Board's Decision:**

Pursuant to Section 7.E.10 of the Zoning Code, the Board voted upon the following motions with regard to the hearing officer's judgment of December 6, 2012 and record of the proceedings before the hearing officer on December 6, 2012:

First Motion:

Having read the transcript of the December 6, 2012 hearing in this matter, I move to amend the first finding by striking the last sentence in that finding to correct a clerical error and by replacing it with the following text:

Page 1 of 2

## COCONINO COUNTY BOARD OF SUPERVISORS
### 219 E. Cherry Avenue, Flagstaff, Arizona 86001

COCONINO COUNTY, COMPLAINANT/ APPELLANT                    Case No: HO-12-12

VS                                       APN: 303-47-002

Erling and Elaine Calkins, RESPONDENT/ APPELLEE            Date: March 12, 2013

### DECISION ON APPEAL
### FROM HEARING OFFICER'S JUDGMENT

This is an appeal of a hearing officer's decision dated December 6, 2012 in a zoning violation citation matter. The Complainant/Appellant is represented by William Ring, Sr. Civil Deputy County Attorney. The Respondent/Appellee appeared in person and is not represented by Counsel.

**Hearing on the Appeal:**

1. Under the Coconino County Zoning Ordinance, Section 7.E., the Board of Supervisors' role in the appeal is to review the record of the proceedings before the hearing officer and to make a determination as to whether there was, or was not, an abuse of discretion in the actions of the hearing officer.
2. The record of the December 6, 2012 administrative hearing was provided to the Board of Supervisors prior to the hearing and was reviewed by the Board. The record included all of the documents in the hearing officer's file, all evidence submitted at the hearing, and the transcript of the hearing.
3. The Complainant/Appellant and Respondent/Appellee addressed the Board of Supervisors, as provided in Section 7.E.9. of the Zoning Ordinance.

**Board's Decision:**

Pursuant to Section 7.E.10 of the Zoning Code, the Board voted upon the following motions with regard to the hearing officer's judgment of December 6, 2012 and record of the proceedings before the hearing officer on December 6, 2012:

First Motion:

Having read the transcript of the December 6, 2012 hearing in this matter, I move to amend the first finding by striking the last sentence in that finding to correct a clerical error and by replacing it with the following text:

Page 1 of 2

"Those exhibits are numbered: County's Exhibits 1 through 13."

The above motion, moved by Supervisor Metzger with a second by Supervisor Ryan, passed unanimously.

Second Motion:

I move that the Board make a finding of no abuse of discretion on the part of the hearing officer and affirm the Judgment of the hearing officer of December 6, 2012, as amended by the Board.

The above motion, moved by Supervisor Ryan with a second by Supervisor Metzger, passed unanimously.

Third Motion:

I move that the time for compliance by Erling and Elaine Calkins with the hearing officer's Judgments of September 6, 2012, and December 6, 2012, be no later than April 18, 2013.

The above motion, moved by Supervisor Metzger with a second by Supervisor Babbott, passed unanimously.


**Appeal to Superior Court:**

This decision can be appealed to the Coconino County Superior Court.




COCONINO COUNTY BOARD OF SUPERVISORS

_Elizabeth C. Archuleta_

Elizabeth C. Archuleta, Chairwoman

ATTEST:

_Wendy Escoffier_

Wendy Escoffier, Clerk of the Board



Page 2 of 2




## COCONINO COUNTY CONSTABLE
### LINDA KUCZYNSKI
200 N. San Francisco Street
Flagstaff, AZ 86001
Phone: 928-679-7530
Fax: 928-679-7578  Cell: 928-890-9133

AMENDED
RETURN OF SERVICE

STATE OF ARIZONA
COUNTY OF COCONINO
___\_Coconino County_____          CASE NUMBER# HO-12-12__
                                        Plaintiff

____Erling and Elaine Calkins_____          Defendant

I the undersigned Constable certify that I received the Foregoing Decision on Appeal from Hearing Officer's Judgment, on the _13th__ day of  March_, 2013__ at the hour of _1545 hrs. and that I served the respondent, hereinafter named as follows:

NAME: __Elaine Calkins_____ DATE SVD: March 14, 2013 TIMESVD: 0915 hrs
LOCATION: 110 E Cherry St., Flagstaff, AZ 86001  MILEAGE__0_/___/___/_
Service Attempts:

| Date | Time | | |
|------|------|---|---|
| Date_____ | Time_____ | Svd | UTL |
| Date_____ | Time_____ | Svd | UTL |
| Date_____ | Time_____ | Svd | UTL |

MANNER:    __x_ Served personally upon named individual
           ____ Left with _____, a person of suitable age and
                Discretion residing at named individual's dwelling or usual place of abode
           ____ Served upon_____, authorized agent
           ____ Other (explain)_____

           ____Unable to Serve: Reason_____

DATED THIS __29th__ DAY OF __March_____,2013.


LINDA KUCZYNSKI

_Linda Kuszynski_
CONSTABLE




COCONINO COUNTY CONSTABLE
LINDA KUCZYNSKI
200 N. San Francisco Street
Flagstaff, AZ 86001
Phone: 928-679-7530
Fax: 928-679-7578  Cell: 928-890-9133

AMENDED
RETURN OF SERVICE

STATE OF ARIZONA
COUNTY OF COCONINO
_____Coconino County_____

CASE NUMBER# HO-12-12__
Plaintiff

_____Erling and Elaine Calkins_____          Defendant

I the undersigned Constable certify that I received the Foregoing Decision on Appeal from Hearing Officer's Judgment, on the _13th__ day of  March_, 2013__ at the hour of _1545 hrs. and that I served the respondent, hereinafter named as follows:

NAME:  __Erling Calkins_____ DATE SVD: March 14, 2013 TIMESVD: 1020 hrs
LOCATION: 5230 E Campbell Ave, Flagstaff, AZ 86004  MILEAGE__15_/___/___/_
Service Attempts:

| Date | Time | | |
|------|------|---|---|
| Date_____ | Time_____ | Svd | UTL |
| Date_____ | Time_____ | Svd | UTL |
| Date_____ | Time_____ | Svd | UTL |

MANNER:    __x_ Served personally upon named individual
                  ____ Left with _____, a person of suitable age and
                  Discretion residing at named individual's dwelling or usual place of abode
                  ____ Served upon _____, authorized agent
                  ____ Other (explain)_____

                  _____Unable to Serve: Reason_____

DATED THIS __29th__ DAY OF __March_____,2013.


LINDA KUCZYNSKI

_Linda Kuczynski_
CONSTABLE

1  **DAVID W. ROZEMA**
   COCONINO COUNTY ATTORNEY
2
   William P. Ring
3  Deputy County Attorney
   Bar #012860
4  wring@coconino.az.gov
   110 E. Cherry Avenue
5  Flagstaff, Arizona 86001-4627
   Phone: (928) 679-8200
6  FAX: (928) 679-8201
   Attorney for the State
7
                    **IN THE UNITED STATES BANKRUPTCY COURT**
8
                        **FOR THE DISTRICT OF ARIZONA**
9

10   In Re:                                      No. 3:13-bk-08354-SSC

11   Erling S. Calkins and Elaine S. Calkins,    Chapter 11

12          Debtor(s) / Joint Debtors,
                                                 **ORDER**
13   Coconino County a political subdivision of
     the State of Arizona,                       **[11 U.S.C. §105; 11 U.S.C. §523(a)(7)**

14          Plaintiff,                           Adv. Prod. No.: _____

15   Erling S. Calkins and Elaine S. Calkins,
     husband and wife,
16
            Defendants.
17
     Address of Debtor(s)/Joint Debtors /
18   Defendants:

19

20

21        After review of Plaintiff's Complaint and good cause appearing,

22        **IT IS HEREBY ORDERED:**

23        ☐      Setting an Order to Show Cause hearing for the _____ day of _____, 2013

24   ordering the Defendants to show cause why immediate injunctive relief should not be

25   granted to Coconino County as set forth below in (1) and (2).

26        1. Directing the Debtors to forthwith take such actions as are necessary to preserve

                the value of the Bankruptcy Estate by bringing the real property of the estate into

                compliance with the Judgments obtained by Coconino County, Arizona.

                                           1

DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

2. Establishing a schedule for compliance that satisfies the Judgments so that compliance is achieved.

☐ Denying Coconino County's request for an Order to Show Cause Hearing.

DATED this _____ day of August, 2013.

_____
Judge

COPY of the foregoing mailed this _____ day of August, 2013, to:

Pernell W. McGuire
320 N. Leroux, Suite A
Flagstaff, AZ 86001
Attorney for Debtors

William P. Ring - Deputy County Attorney
Coconino County Attorney's Office
110 E. Cherry Avenue
Flagstaff, Arizona 86001-4627
Attorney for the State

U.S. Trustee - Phoenix
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ. 85003
Trustee

_____

**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

2