DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY

William P. Ring
Deputy County Attorney
Bar #012860
wring@coconino.az.gov
110 E. Cherry Avenue
Flagstaff, Arizona 86001 4627
Phone: (928) 679-8200
FAX: (928) 679-8201
Attorney for the State

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ADV. PROC. 3:13-AP-00951-SSC |
| ERLING S. CALKINS and ELAINE S. CALKINS, | Case No. 3:13-bk-08354-SSC |
| | Chapter 11 |
| COCONINO COUNTY, a political Subdivision of the State of Arizona, | COUNTER-DEFENDANT COCONINO COUNTY'S REPLY TO DEFENDANT'S COUNTERCLAIM |
| Plaintiff/Counterdefendant | |
| vs. | |
| ERLING S. CALKINS and ELAINE S. CALKINS, husband and wife, | |
| Defendants, Counterclaimants | |

Counter-defendant Coconino County, for its Reply to Counter-claimant Calkins' Counterclaim, admits, denies and alleges as follows:

1. Paragraph 14 of Counterclaim 1 requires neither an admission nor a denial of the assertions made therein; but to the extent that the assertions therein also infer that an answer is due, Counterclaimants deny the same in their entirety.

1

2. Admit that Defendant Calkins has title to the subject Property [104 Leupp Road, Parcel No. 303-47-002C]; but deny that any alleged or implied distinction as between legal title and equitable title [Answer and Counterclaim, PP. 2, 12, & 15] constitutes an affirmative defense or avoidance of the Pre-Petition Judgment dated September 6, 2012 [Exhibit A, Complaint]. Coconino County lacks information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 15 of the Complaint and therefore deny the same in their entirety.

3. Admit the allegations in Paragraph 16 of the Counterclaim.

4. Deny the allegations in Paragraph 17 of the Counterclaim and specifically allege that the Judgment is not a lien upon the subject Property until Count 1 of the First Amended Complaint is adjudicated and the amount in controversy is liquidated, reduced to a lien upon the estate, and/or other remedies are granted to Coconino County by this bankruptcy court.

5. Deny the allegations in Paragraph 18 of the Counterclaim in their entirety.

6. Deny the allegations in Paragraph 19 of the Counterclaim in their entirety.

7. Deny each and every allegation not specifically admitted herein.

### Affirmative Defenses to Counterclaim

8. For their first Affirmative Defense, Coconino County alleges fraudulent concealment of the Pre-petition Judgments from the Debtors' bankruptcy schedules [Admission, Answer, Par. 8; Schedule, Doc. # 16, filed June 10, 2013, see: p. 37], requiring extraordinary measures of Coconino County in the form of recording the judgments by which title to Property is encumbered [Ariz.Rev.Stat. §33-414]; and

2

initiation of the First Amended Complaint and Objection to Discharge of Non-dischargeable Penalties (the adversary proceeding herein) made to preserve Coconino County's judgment interest in the bankruptcy estate which Debtors fraudulently concealed from their schedules.

9. For their second Affirmative Defense, Coconino County alleges res judicata, estoppel by judgment, waiver for failure to raise defenses in state administrative action, and failure to exhaust administrative remedies in state court; all related to Debtors' failure to timely assert a purported conveyance of equitable title in the subject Property [Answer, Par. 2 & 12] prior to commencement of the Counterclaim and that allegedly interferes with Coconino County's judgment interest.

10. For their third Affirmative Defense, Coconino County alleges the equitable defenses of laches and deceit through the use of silence for Debtors' failure to timely assert against Coconino County (in Admin. Proceeding HO-12-12) the presence of a non-debtor third party with an equitable ownership interest in the Property; or as a potential creditor in the bankruptcy estate. *See generally: Blalak v. Mid Valley Transportation, Inc.*, 175 Ariz. 538, 543, 858 P.2d 683 (Ct.App., 1993); *Garbarino, J., dissenting* (re: deceit through silence).

11. As and for their fourth Affirmative Defense, Coconino County alleges that the "Contract for Deed" purportedly establishing an equitable interest in third-party non-Debtors is an unexecuted, unacknowledged, unrecorded and unenforceable contract for sale of real estate, and is thereby void as to its application against the subsequent judgment creditor Coconino County. Ariz.Rev.Stat. §33-411; §33-411.01; §33-412.

12. For their fifth Affirmative Defense, Coconino County alleges that the purported

3

Case 3:13-ap-00951-DPC    Doc 16    Filed 01/07/14    Entered 01/07/14 10:05:23    Desc
Main Document    Page 3 of 5

"Contract for Deed" [Exhibit A, Counterclaim] is an avoidable transfer [11 U.S.C. §548(a)(1)(A)] insomuch as the equitable interest described in Paragraphs 2, 12, 15 & Exhibit A of the Counterclaim were completed in part or whole, with knowledge aforethought, in anticipation of regulatory enforcement, so as to hinder Coconino County's ability to perfect the Judgments eventually obtained by Coconino County on September 6, 2012 [Complaint, Exhibit A].

13. As and for their sixth Affirmative Defense, Coconino County alleges in the alternative that, whether or not the Debtor's interest in the Property is characterized as an "owner" or as legal title holder with distinction as between legal and equitable interests, the Debtors have incurred a non-dischargeable pre-petition Judgment with penalties against the estate of the Debtors. 11 U.S.C. §523(a)(7).

14. As and for their last Affirmative Defense, Coconino County reserves the right to amend this Answer to assert any other matters constituting affirmative defenses including, without limitation, those matters set forth in Rule 8(c) of the Federal Rules of Civil Procedure if, during the course of discovery, such other matters are shown to be applicable.

WHEREFORE, having fully answered the Counterclaim, Coconino County prays:

A. For judgment in its favor on each and every claim in the Counterclaim and that Defendant/Debtors Calkins take nothing.

B. For such other relief as is just and proper.

DATED this 7th day of January, 2014.

DAVID W. ROZEMA
Coconino County Attorney

/s:/ William P. Ring
_____
Deputy County Attorney

DAVID W ROZEMA
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

Coconino County Attorney's Office
For the Plaintiff/Counterdefendant
Coconino County

Copy of the foregoing mailed
this 1st day of January, 2014, to:

Mr. Pernell McGuire
320 N. Leroux Street, Suite A
Flagstaff, Arizona 86001

By: _____

5