DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY

William P. Ring
Deputy County Attorney
Bar #012860
wring@coconino.az.gov
110 E. Cherry Avenue
Flagstaff, Arizona 86001-4627
Phone: (928) 679-8200
FAX: (928) 679-8201
Attorney for the State

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>ERLING S. CALKINS and ELAINE S. CALKINS,<br><br>    Debtor(s) / Joint Debtors,<br><br>COCONINO COUNTY, a political Subdivision of the State of Arizona,<br><br>    Plaintiff / Counter-Defendant,<br><br>ERLING S. CALKINS and ELAINE S. CALKINS, husband and wife,<br><br>    Defendants / Counterclaimants. | ADV. PROC.: 3:13-ap-00951-SSC<br><br>No. 3:13-bk-08354-SSC<br><br>Chapter 11<br><br>**MOTION TO STRIKE PRO SE CALKINS' MOTION AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND MONEY DAMAGES; and REQUEST FOR STATUS CONFERENCE** |

    Pursuant to Rule 12(f), Fed.R.Civ.P., Plaintiff Coconino County, a political subdivision of the State of Arizona, moves to strike the Pro Se Calkins' Motion And Complaint For Injunctive And Declaratory Relief And Monetary Damages, filed March 26, 2014. To summarize, the Defendants' pro se pleading is filed directly by the client in an adversary matter where the client is represented by counsel, counsel has answered and counterclaimed on the clients' behalf, and both counsel for Plaintiffs and Defendants have agreed in principal to stay the adversary

proceeding. On the cusp of that stipulation (presumably arrived at with the clients' consent) the client has taken to pro se representation and filed what appears to be a conglomeration of accusations for injunctive relief and monetary damages. When read in a light most favorable to the pleader, the contentions relate in form and sometimes substance to the same cause as the Debtors' pending counterclaim.

Plaintiffs' counsel contacted defense counsel. Contacts between counsel have been courteous and professional but result in a split-decision: opposing counsel will represent the clients in the adversary proceeding and secure the stay, but clients will represent themselves in the Motion and Complaint. The problem with that approach is obvious. This is one adversary proceeding [No. 3:13-bk-08354-SSC] with two equally untenable conditions:

1. Debtors represented by counsel and the Debtors representing themselves without counsel.
2. Debtors willing to stay the adversary proceeding and Debtors essentially amending and litigating the counterclaim.

Case management of the adversary proceeding has gone smoothly between counsel until the Debtors filed their pro se pleading. Ethical concerns compound the predicament: Plaintiff's counsel cannot contact the Debtors directly in a matter they know the Debtor to be represented by counsel. It is not possible for Court and counsel to know who has authority to address the Motion and Complaint.

Plaintiffs hereby move to strike the Motion and Complaint For Injunctive And Declaratory Relief and Money Damages. Rule 12(f), Fed.R.Civ.P., allows the strike if the material is redundant, immaterial, impertinent or scandalous. For the reasons stated above the Motion and Complaint should be stricken. It can be re-

DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

filed as an original action and Debtors can continue pro se.

Plaintiffs further request a case management and pretrial conference under Rule 16. At the conference with the court the Debtors can clarify their intentions in Cause No. 3:13-bk-08354-SSC. A proper avenue for grievances can be discussed, and the pending adversary proceeding can be stayed or litigated.

It is known that Motions to Strike are disfavored. The motion is not offered by Plaintiffs for any impertinent reason. The cause is this: Debtors created confusion by proceeding at once on their own and with representation by counsel. The Debtors are grieving in a manner that looks both like a counterclaim and an original action, and with the advice of counsel and independent of counsel.

A form of order for Pretrial Conference is attached.

DATED this 8th day of April, 2014.

DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY

By /s/ WPR #012860
William P. Ring
Deputy County Attorney

COPY of the foregoing mailed this 8th day of April, 2014, to:

Pernell W. McGuire
320 N. Leroux, Suite A
Flagstaff, AZ 86001
Attorney for Debtors

U.S. Trustee - Phoenix
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ. 85003
Trustee

DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

Case 3:13-ap-00951-DPC   Doc 26   Filed 04/08/14   Entered 04/08/14 14:13:04   Desc
Main Document   Page 3 of 3