**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY

William P. Ring
Deputy County Attorney
Bar #012860
wring@coconino.az.gov
110 E. Cherry Avenue
Flagstaff, Arizona 86001-4627
Phone: (928) 679-8200
FAX: (928) 679-8201
Attorney for the Coconino County /
Coconino County Public Health Services District

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Erling S. Calkins and Elaine S. Calkins,<br><br>  Debtor(s) / Joint Debtors,<br><br>**COCONINO COUNTY**, a political subdivision of the State of Arizona,; **COCONINO COUNTY PUBLIC HEALTH SERVICES DISTRICT**, a political subdivision of the State of Arizona,<br><br>  Plaintiffs,<br><br>  vs.<br><br>**ERLING S. CALKINS and ELAINE S. CALKINS,** husband and wife,<br><br>  Defendants. | No. 3:13-bk-08354-DPC<br><br>Chapter 11<br><br>**SECOND AMENDED COMPLAINT, and OBJECTION TO DISCHARGE OF NON-DISCHARGEABLE PENALTIES**<br><br>**[11 U.S.C. §105; 11 U.S.C. §523(a)(7)]**<br><br>Adv. Prod. No.: 3:13-ap-00951-DPC |

  This Second Amended Complaint is filed by stipulation of the parties pursuant to Rule 15(a)(2), Fed.R.Civ.P., to reduce the scope of the allegations and to conform to State Court precedent. Pursuant to 28 U.S.C. §157, and Rule 7001, et. seq., Federal Rules of Bankruptcy Procedure, Coconino County, a political subdivision of the State of Arizona, [Plaintiff/Complainant] by and through the undersigned deputy county attorney, hereby alleges as follows:

1

## Jurisdiction and Venue

1. The Federal Bankruptcy Court for the District of Arizona has the jurisdiction to hear this complaint and grant the Complainant the requested relief. 28 U.S.C. §157.

2. Venue in this court is proper insomuch as the Debtors/Defendants reside in the State of Arizona, the real property that is the gravamen of this complaint is located in the State of Arizona, and the Debtors/Defendants have previously petitioned this Bankruptcy Court (on May 16, 2013) for relief under the Federal Bankruptcy Code.

## The Parties

3. The Complainant Coconino County, Arizona, is a political subdivision of the State of Arizona and is a body corporate and politic. Ariz.Rev.Stat. §11-201; §11-202.

4. The Complainant Coconino County Public Health Services District is a duly-organized political subdivision of the State of Arizona.

5. Upon information and belief, the Debtors Erling S. Calkins and Elaine S. Calkins are husband and wife, residing in Coconino County, Arizona.

6. The Debtors, alone or together, individually or as part of the marital estate, are the fee simple owners of a parcel of real property in Coconino County identified as 104 Leupp Road, Flagstaff, Arizona. [Debtor's Schedule A-Real Property]. The parcel is also identified by Coconino County as County Assessor's Parcel No. 303-47-002A-C. The physical address is 10955 Forest Service Road 244-A, Flagstaff, Arizona. The parcel shall be known herein as the "Subject Parcel".

7. Pursuant to authority vested in Coconino County by the State of Arizona and as set forth in Ariz.Rev.Stat. §11-801, et.seq., on August 3, 1981, Coconino County did adopt for its area of jurisdiction a Zoning Ordinance (as amended from time to time) dividing the non-exempt area of the County into zoning districts and

DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

establishing land use performance standards.

8. The Subject Parcel is within the area of jurisdiction of Coconino County's Zoning Ordinance.

9. On September 6, 2012, Coconino County obtained a Judgment against the Debtors for zoning violations upon the Subject Parcel. [Case No. HO-12-12; Exhibit A, attached].

10. Debtors appealed Judgment HO-12-12 obtained against the Subject Parcel to the Coconino County Board of Supervisors and said Judgment was affirmed on March 12, 2013, and served upon the Debtor on March 14, 2013. [Exhibit B, attached].

11. The affirmation of Judgment [Exhibit B] established a compliance date of April 18, 2013, and further describes non-compliance penalties in the amount of $750.00 per day, per violation, with a maximum daily penalty of $1500.00 per day.

12., On May 16, 2013, the Debtors filed for Chapter 11 bankruptcy protection.

13. On and after April 18, 2013, and to date, Debtors have not sought a zoning compliance inspection from Coconino County.

14. On July 22, 2013 and again on July 30, 2013, Coconino County recorded and then re-recorded the Judgments HO-12-12 dated September 6, 2012 and March 12, 2013. The final recorded Judgments are attached as Exhibit C. The documents can be located at Coconino County Recorder's No. 3668963.

15. The recording of Judgments HO-12-12 attached as Exhibit C occurred after the bankruptcy petition was filed May 16, 2013.

16. On December 6, 2013, Plaintiff Coconino County filed a civil state court action pursuant to its police and regulatory powers against Debtors as Defendants to pursue continued enforcement of the Judgment HO-12-12 dated March 12, 2013. Plaintiff Coconino County Public Health Services District joined suit to enforce

3

its police and regulatory powers relating to environmental health violations at the Subject Property. That State Court action is known as Coconino County Cause No. CV2013-00751, Coconino County and Coconino County Public Health Services District v. Erling Stephens Calkins and Elaine S. Calkins.

17. On February 26, 2014 the Superior Court for the State of Arizona, in and for Coconino County, made findings of fact and conclusions of law regarding ongoing zoning, building, and health code violations at the Subject Parcel. [Exhibit D, attached, Findings 5-9].

18. On February 26, 2014 the Superior Court found that the safety and welfare of the public require that the Court issue an injunction [Exhibit D, Findings 10-11].

19. On February 26, 2014 the Superior Court issued an Order Granting Injunctive Relief to the Plaintiffs [Exhibit D, attached], with terms and conditions as specified therein.

20. The Order Granting Injunctive Relief set the amount of monetary penalties against Defendants (your Debtors herein) at two hundred thirty thousand, five-hundred fifty dollars ($230,550.00) [Superior Court Order, Condition #1].

21. The Order Granting Injunctive Relief was recorded on February 27, 2014 and can be located at Coconino County Recorder's No. 3686548.

22. On April 28th and 29th, 2014, a compliance hearing was conducted by the Superior Court and the Court found that Defendants (your Debtors herein) were non-compliant with the terms and conditions of the Order Granting Injunctive Relief dated February 26, 2014.

23. By means of the Order dated May 27, 2014, the Court authorized the County Plaintiffs to enter the property and remediate the violations. [Exhibit E, attached].

24. Should the County Plaintiffs enter the property and remediate the violations, the County would file and submit by affidavit all costs and fees incurred in

DAVID W. ROZEMA
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

remediating the Subject Property. [Exhibit E, Conditions IX and X].

25. Upon satisfactory proof having been made, the Superior Court would then consider entering Judgment against the Defendants [your Debtors herein] for the remediation costs and fees and may direct that the Judgment become a lien upon any property or possession of Defendants, wherever found, as would satisfy the lien. [Exhibit E, Condition X].

26. On May 30, 2014 the Order of May 27, 2014 was recorded by County Plaintiffs and can be located at Coconino County Recorder's No. 3693096. The Superior Court Orders recorded on February 27, 2014 and May 30, 2014, occurred after the bankruptcy petition was filed May 16, 2013.

27. Through the date by which this Second Amended Complaint is filed, the County Plaintiffs have not entered the property to commence remediation and have not sought a Status Hearing in the State Court action.

28. The Defendants [your Debtors herein] have appealed the State Court Order of February 26, 2014 and that appeal is currently docketed at Arizona Court of Appeals, Division One, No. 1 CA-CV 14-0291. The appeal is pending and no determination as to the merits has been made to date.

29. The penalties incurred as a result of the aforementioned Judgment is not dischargeable in bankruptcy. [11 U.S.C. §523(a)(7)].

30. The Complainant Coconino County reserves the right to amend the complaint as further discovery and disclosure may reveal.

## Count I

### Liquidation of Indebtedness/Non-Dischargeability of Debt

31. The Debtors are indebted to the Complainant Coconino County in the amount of $230,550.00. The non-dischargeable government penalty is for the benefit of the Plaintiff governmental unit and is punitive, not compensatory, in nature and is imposed solely to encourage compliance with Plaintiffs prior judgments and

**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

orders. See: *In re: Strong*, 305 B.R. 292, 296-297 (2004).

**Prayer for Relief**

**WHEREFORE**, Coconino County prays for relief as follows:

A.    For an Order establishing that the $230,550.00 penalty is a non-dischargeable indebtedness of the Debtors, pursuant to 11 U.S.C. §523(a)(7) and Rules 4006 and 4007 of the Federal Rules of Bankruptcy Procedure.

B.    For an Order that the automatic stay provisions of 11 U.S.C. §362(a) and the discharge-ability provisions of 11 U.S.C. §727, et.seq., are not applicable to Plaintiffs' enforcement of its Judgment taken through the sovereign police and regulatory powers of the State.

B.    For an Order granting Coconino County and Coconino County Public Health Services District the right, though not the requirement, to enter the Debtor's Subject Property pursuant to the State Court Order and remove the offensive structures as provided for in the Order of May 27, 2014.

C.    For an Order allowing all remediation costs and fees as would be established by State Superior Court pursuant to Condition X of the Order of May 27, 2014, to become a lien upon any property or possession of the estate, wherever found, as would satisfy the State Court judgment.

D.    For such other and further orders of this Bankruptcy Court as will grant the State Court Order the full faith and credit of a final judgment and allow Coconino County to seek all remedies as granted to it by the Orders of February 26, 2014, May 27, 2014, and thereafter by future State Court judgments and orders.

E.    For attorneys' fees and costs, where recoverable. Other and further relief as this Court deems just and proper.

6

DATED this 23rd day of July, 2014.

                                                        DAVID W. ROZEMA
                                                        COCONINO COUNTY ATTORNEY

                                                        By /s/ WPR #012860
                                                        William P. Ring
                                                        Deputy County Attorney

COPY of the foregoing mailed this 23rd day of July, 2014, to:

Pernell W. McGuire
320 N. Leroux, Suite A
Flagstaff, AZ 86001
Attorney for Debtors


U.S. Trustee - Phoenix
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ. 85003

_____

## CERTIFICATE OF SERVICE

I hereby certify that on July 23rd, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in this matter.

DATED: July 23rd, 2014

                                             DAVID W. ROZEMA
                                             COCONINO COUNTY ATTORNEY

                                             By /s/ WPR #012860
                                             William P. Ring
                                             Deputy County Attorney

**DAVID W. ROZEMA**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200