Davis Miles
McGuire Gardner
320 N. Leroux Street, Suite A
Flagstaff, AZ 86001
Telephone: (928) 779-1173
Fax: (877) 715-7366
efile.dockets@davismiles.com

Pernell W. McGuire (SBN: 015909)
pmcguire@davismiles.com
Aubrey L. Thomas (SBN: 029446)
athomas@davismiles.com
*Attorneys for Debtors/Defendants/Counterclaimants*

# IN UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ERLING S. CALKINS and ELAINE S. CALKINS,<br><br>Debtors. | ADV. PROC. 3:13-ap-00951-SSC<br><br>Case No. 3:13-bk-08354-SSC<br><br>**Chapter 11** |
| COCONINO COUNTY, a political subdivision of the State of Arizona,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>ERLING S. CALKINS and ELAINE S. CALKINS, husband and wife,<br><br>Defendants/Counterclaimants. | **ANSWER TO SECOND AMENDED COMPLAINT AND OBJECTION TO DISCHARGE OF NON-DISCHAREABLE PENALTIES AND COUNTERCLAIM TO DETERMINE THE EXTENT AND VALIDITY OF JUDGMENT LIEN UNDER RULE 7001(2)** |

Defendants Erling and Elaine Calkins ("Defendants"), by and through counsel undersigned, for their answer to plaintiff's Second Amended Complaint, admit, deny, and allege as follows:

1. Defendants admit the allegations of Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 in the Second Amended Complaint.

2. Defendants admit the allegations of Paragraph 16; however, Defendants reserve their right to argue that, although Plaintiff was permitted to bring its state court action without seeking relief from the automatic stay under 11 U.S.C. § 362(b)(4), Plaintiff is not permitted to take any collection action or perfect any liens in property of the estate without first seeking relief from the automatic stay.

3. Defendants admit the allegations of Paragraphs 17, 18, 19, 20, 21, 22, and 23 in the Second Amended Complaint. However, Defendants allege that the Order Granting Injunctive Relief is currently on appeal and, thus, may be subject to revision or vacated by the state Court of Appeals.

4. Defendants are without sufficient information to admit or deny the allegations of Paragraphs 24 and 25 of the Second Amended Complaint and, therefore, deny.

5. Defendants admit the allegations of Paragraph 26 of the Second Amended Complaint.

6. Defendants admit the allegations of Paragraphs 27 and 28 in the Second Amended Complaint.

7. Defendants deny the allegations of Paragraphs 29 and 30 in the Second Amended Complaint.

## COUNT 1

8. Defendants deny the allegations of Paragraph 31 in the Second Amended Complaint. Defendants admit that there is a judgment in favor of Plaintiff, but it is currently on appeal. Furthermore, even if the judgment is upheld on appeal, Defendants allege that it is general unsecured claim and dischargeable.

## RESERVATION OF RIGHT TO AMEND ANSWER

9. Defendants reserve the right to amend this Answer to assert any other matter constituting an avoidance or affirmative defense, including, without limitation, those matters set forth in Rule 8(c) of the Federal Rules of Civil Procedure, if during the course of discovery, such other matters are shown to be applicable.

WHEREFORE, Defendants prays for entry of judgment in their favor and against Plaintiff on each and every claim in the Second Amended Complaint and that Plaintiff take nothing.

## COUNTERCLAIM: DETERMINATION OF VALIDITY AND EXTENT OF JUDGMENT LIENS

10. Defendants incorporate the allegations of Paragraphs 1 through 8 above.

11. On July 22, 2013— after Defendants had filed their Chapter 11 petition and the automatic stay was in place — in addition to the recording of judgments referred to in

the Second Amended Complaint, Plaintiff also recorded another judgment with the Coconino County Recorder regarding alleged zoning violations on another property owned by Debtors. **See Exhibit "A" (recorded judgment).**

12. Plaintiff's recording of any judgment liens post-petition is a violation of 11 U.S.C. § 362(a).

13. Plaintiff's post-petition judgment liens are avoidable under 11 U.S.C. § 549(a) because the transfers occurred after Defendants filed their voluntary petition and the recording of the judgment liens was not authorized by the Bankruptcy Code or this Court.

14. This Court has authority under 11 U.S.C. § 550(a) to order Plaintiff to remove its judgment liens.

WHEREFORE, Defendants/Counterclaimants pray for entry of a judgment in favor of Defendants/Counterclaimants and against Plaintiff/Counterdefendant and its successors and assignees, holding that:

A. Plaintiff/Counterdefendant's judgment liens are avoided under sections 549 of the Bankruptcy Code;

B. Plaintiff/Counterdefendant is ordered to release the judgment liens pursuant to section 550 of the Bankruptcy Code; and

C. For such further relief as is just.

///

///

Dated this 15th day of August 2014.

                **DAVIS MILES MCGUIRE GARDNER, PLLC**

By: /s/ Aubrey L. Thomas
      Pernell W. McGuire
      Aubrey L. Thomas

A copy of the foregoing was mailed this 15th day of August 2014, to:

William Ring
Coconino County Attorneys Office
110 E. Cherry Ave.
Flagstaff, AZ 86001-4627

By: /s/ Kristin Lienhard
    Kristin Lienhard

# EXHIBIT A

Official Records of Coconino County 3668964
Patty Hansen - Recorder 07/22/2013 11:01 AM Pgs: 3
COCONINO COUNTY ATTORNEY    J    $10.00

When Recorded Return to:

Coconino County Attorneys Office
100 E. Cherry
Flagstaff, Arizona 86001

# Recordation of Judgment

Coconino County Assessor's Parcel Number

303-10-012B

All parties of interest please take note that on September 6, 2012, the Complainant Coconino County, Arizona, obtained a Judgment of the Hearing Officer that zoning violations are present at the property referenced above. The Judgment is attached to this recordation. The Judgment with penalties and fines are as described in the attached Judgment.

When the Judgment is satisfied a subsequent Satisfaction of Judgment will be recorded. Unless or until a Satisfaction of Judgment is recorded, all parties of interest are advised to inquire as to status by contacting:

>Coconino County Community Development
>2500 N. Fort Valley Road
>Flagstaff, Arizona 86001
>(928) 679-8875

This Public Notice is effective as of the date and time the Recorder stamped entry into the records of Coconino County, Arizona.

Page 1 of 3



# COCONINO COUNTY HEARING OFFICER
## 2500 N. Fort Valley Road, Building 1, Flagstaff, Arizona 86001
### (928) 679-8875

| | |
|---|---|
| COCONINO COUNTY, COMPLAINANT | Case No: HO-12-13 |
| VS | APN: 303-10-012B |
| Uniquely Diversified Properties/Steve Calkins, RESPONDENT | Date: September 6, 2012 |
| | Page 1 of 2 |

## JUDGMENT

| ADMISSION: | JUDGMENT OF HEARING OFFICER: | JUDGMENT: |
|---|---|---|
| ___ Responsible | ✓ Responsible | ___ After Hearing |
| ✓ Not Responsible | ___ Not Responsible | ✓ By Default |
| ___ No Admission | | |

APPEAL: This judgment can be appealed to the Board of Supervisors by written notice to the Hearing Officer, c/o Department of Community Development, within seven (7) days from today. There is a $300.00 filing fee for each appeal.

Payment for penalties shall be made out to Coconino County Community Development and mailed or handed to the Hearing Clerk at the Department of Community Development.

It is found that:

A. At the time the citation was issued the parcel was in violation of Coconino County Zoning Ordinance Sections:

 1. The unscreened outdoor storage of secondhand materials constitutes a violation of Section 9.4 of the Coconino County Zoning Ordinance.

Therefore it is ordered that:

A. The initial minimum penalty of $100.00 for cited violations is hereby suspended per section 7.4.B of the Zoning Ordinance, pending successful completion of Paragraph C.
B. On or before October 6, 2012, the unscreened secondhand materials shall be removed from the property or an enclosure shall be constructed not to exceed 442 square feet that is completely screened from neighboring properties and roadways by a wall or non-transparent fencing. Fencing shall not exceed six (6) feet in height. Stored secondhand materials shall not be stacked so high as to be visible above required fencing or more than six (6) feet in height.

C. Unless Item B is fully accomplished by the date stated, then a noncompliance penalty of $200.00 is due and payable October 6, 2012. For each further day of noncompliance, a daily penalty of $750.00 per day is due and payable on that day. All penalties to be delinquent in 10 days after they are due. The maximum cumulative amount of daily penalties is $1,500.00.

D. Should the daily penalty balance reach $1,500.00, then this matter shall be turned over to the County Attorney's Office for further legal action per Section 7.D.4.f.

E. Should a violation, as found in this case, recur on or before September 6, 2014, then a recall notice shall be served, and the respondents shall be scheduled to appear at the earliest possible Hearing date per Sections 7.D.4.d and 7.F. A recurrence penalty of $300.00 shall be imposed if it is found that recurrence of the violation has taken place.

Hearing Officer's signature: _____ DATE: 6 Sept 12
Warren Sanford

I have received a copy of this judgment form:

Respondent's signature: _____ DATE: 9-6-12